**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

CIVIL ACTION NO. 12-242-DLB

DERRICK D. KING                                                                 PLAINTIFF


vs.                              <u>MEMORANDUM OPINION AND ORDER</u>


SUPERIOR COURT OF BALDWIN
COUNTY, GEORGIA, et al.                                              DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Derrick D. King is an individual confined at the United States Penitentiary -
McCreary in Pine Knot, Kentucky.  Proceeding without an attorney, King has filed a civil
rights action under 42 U.S.C. § 1983 (Doc. #1).  The Court has granted his motion to
proceed *in forma pauperis* by prior Order.

The Court must conduct a preliminary review of King's complaint because he has
been granted permission to pay the filing fee in installments and because he asserts claims
against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must
dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may
be granted, or seeks monetary relief from a defendant who is immune from such relief.
*McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  The Court evaluates
King's complaint under a more lenient standard because he is not represented by an
attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573
(6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations as true,

1

and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, King indicates that he is currently serving a federal sentence that was enhanced based upon prior state convictions.   In an effort to have those state convictions invalidated, King filed a petition for a writ of habeas corpus in the Superior Court of Baldwin County, Georgia. (Doc. #1, p. 3)  King indicates that while the Superior Court ordered that a hearing be held on the claims asserted in his petition, it did not direct the Bureau of Prisons to transport King to the courthouse so that he could personally attend the hearing.   King contends that the Superior Court's failure to order his attendance deprived him of meaningful access to the courts and violated his right to due process of law, and seeks an order compelling the Superior Court to hold a new hearing on his request for habeas relief and permitting him to attend the hearing.  (Doc. #1, pp. 4-5)

The Supreme Court has made clear that "it is now established beyond doubt that prisoners have a constitutional right of access to the courts."  *Bounds v. Smith*, 430 U.S. 817, 821 (1972).[1]  The Constitution does not require that such access be provided in any particular manner - such as through the provision of paper and pen, access to legal research materials, or funding for court-appointed counsel - only that such access must be meaningful.  *Id.* at 825-26.  To show a violation of this right, the prisoner must show actual injury arising directly from the alleged deprivation to a non-frivolous claim concerning his

---

[1]  King characterizes the Superior Court's action as a violation of his right to "due process," a reference to rights under the Fifth Amendment, and as "deliberate indifference," a reference to the Eighth Amendment.  However characterized, the Court analyzes his claims as a single claim under the Constitution, as the Supreme Court has never articulated the specific constitutional source of the right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 366-68 (1996) (Thomas, J., concurring).

conviction or prison conditions, such as missing a court-imposed deadline for filing a brief. *Lewis*, 518 U.S. at 351-55; *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004).

King's claim must fail as a matter of law because he has not alleged that the Superior Court's failure to order his personal attendance at the hearing resulted in any actual injury to otherwise valid claims.  King does not contend that the Superior Court refused to permit him to submit written briefing in support of his claim for habeas relief or otherwise preclude any opportunity to be heard, only that it did not require his personal attendance.  King's conclusory allegation that his right of access to the courts was impeded by his inability to personally attend a hearing on his claims lacks the specificity necessary to state a viable constitutional claim.  *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 803 (W.D. Mich. 2012) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")). Absent a demonstration that King was unable to pursue his claims on the merits, he has failed to state a claim that his right of access to the courts was violated.  *Cf. Pillette v. Oaks Corr. Facility*, No. 1:06-CV-210, 2006 WL 1313872, at *3 (W.D. Mich. May 12, 2006) ("Plaintiff failed to allege that his lack of participation in the September 12 hearing caused an injury to his family court proceeding. ... As a result, Plaintiff failed to show that Defendants prejudiced his effort to pursue a nonfrivolous legal claim."); *Croft v. Coplan*, No. 04-CV-328-SM, 2006 WL 1644688, at *4-5 (D.N.H. June 14, 2006) ("While Croft was not afforded the opportunity to present oral argument in support of his motion, he was able to fully and fairly present his claims to the court, which considered them on the merits. It necessarily follows that, as a matter of law, he was not denied 'adequate, effective, and meaningful' access to the courts."); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1986).

3

Accordingly, for the reasons stated herein, **IT IS ORDERED** that:

1.      King's complaint (Doc. #1) is **DISMISSED WITH PREJUDICE**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This 19th day of August, 2013.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\Opinions\London\12-242 MOO dismissing case on initial screen.wpd