# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

**CIVIL ACTION NO. 12-242-DLB**

**DERRICK D. KING**                                                              **PLAINTIFF**

vs.                 **MEMORANDUM OPINION AND ORDER**

**SUPERIOR COURT OF BALDWIN**
**COUNTY, GEORGIA, et al.**                                        **DEFENDANTS**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court upon the motions of the Judges of the Superior Court of Baldwin County, Georgia, the District Attorney's Office of Baldwin County, Georgia, and the Clerks Office of the Superior Court of Baldwin County, Georgia, to dismiss the complaint. (Doc. # 18, 21) Plaintiff Derrick D. King has filed a response in opposition to both motions. (Doc. # 25) The defendants have not filed any further briefing in support of their motions, and this matter is ripe for determination.

**I**

King is an individual confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky.[1] On June 4, 2009, King was indicted by a federal grand jury sitting in Augusta, Georgia, for his role in a drug trafficking ring, and was charged with conspiracy to possess with intent to distribute cocaine and cocaine hydrochloride, possession of a

---

[1] The federal Bureau of Prisons' ("BOP") online inmate locator database indicates that King is now housed at the United States Penitentiary in Atlanta, Georgia. The Clerk of the Court will be directed to update King's address in the docket accordingly.

1

firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. The indictment predicated the felon-in-possession charge upon four of King's prior convictions, including two convictions on April 12, 1996, for Theft by Taking and Aggravated Assault in Case No. 38887, and two convictions on July 7, 2000, for Aggravated Assault and Criminal Damage to Property (First Degree) in Case No. 42207, all in the Superior Court of Baldwin County, Georgia. *United States v. King*, No. 1:09-CR-73-JRH-BKE-6 (S.D. Ga. 2009) (Doc. #3, p. 11 therein; see also Doc. #196, p. 6 therein).

On December 10, 2009, King signed a written agreement to plead guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine hydrochloride and 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1), 846, and to provide assistance to law enforcement officials in exchange for the dismissal of the remaining charges. That agreement also included an express waiver of "the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground" unless the sentence imposed exceeded the statutory maximum or the advisory sentencing guideline range for the offense of conviction. Following a sentencing hearing, on April 15, 2010, the trial court sentenced King to a 220-month term of incarceration, slightly above the midpoint of the guideline range.[2] On direct appeal, King's court-appointed counsel filed an *Anders* brief,

---

[2] In doing so, the trial court adopted the probation office's determination that in light of his prior convictions, King was a career offender within the meaning of U.S.S.G. § 4B1.1. As a result, King's criminal history category was VI, and when combined with a total offense level of 31, his advisory guideline range was 188 to 235 months. *See King v. United States*, No. 10-11865 (11th Cir. 2010) (Brief of Appellant Derrick D. King, at pp. 2, 4-5, 11-12).

and the Eleventh Circuit affirmed King's conviction and sentence without elaboration on February 4, 2011. *King*, Doc. #287, 331, 379 therein.

King filed his original complaint in this action pursuant to 42 U.S.C. § 1983. In it, King indicated that he had filed a state habeas petition in the Superior Court of Baldwin County, Georgia, in an effort to invalidate one or more of the state convictions that the federal court used as a basis to enhance his sentence. King states that the Superior Court set the matter on for hearing in December 2011, but alleged that the court did not notify the BOP of the hearing or issue a writ to compel his attendance. After the date for the hearing passed, King indicates that he made further efforts to reset the hearing and arrange for his attendance, but was unsuccessful. King claimed that the Superior Court's failure to arrange for or order his attendance denied him due process of law and deprived him of meaningful access to the courts. For relief, King did not seek damages but instead sought an order compelling the Superior Court to hold a hearing and take sufficient steps to ensure his attendance at it. (Doc. #1, pp. 3-5).

On August 19, 2013, this Court originally dismissed King's complaint upon initial screening because he made no allegation that the Superior Court refused to consider the merits of his state habeas petition merely because he did not personally attend the hearing, and thus failed to allege any injury flowing from the conduct complained of. (Doc. # 11) King then filed a motion to vacate that judgment, in which he seemed to allege (for the first time) that the Superior Court held that his presence at a hearing was necessary to determine the merits of his habeas claims. (Doc. #13, pp. 3-4) Out of an abundance of caution, the Court granted that motion, vacated the judgment, and ordered that the defendants be served with process to respond to King's claims. (Doc. #14).

II

In their motions, defendants have asserted several grounds to dismiss the complaint, including lack of personal jurisdiction over the Superior Court judge presiding over King's habeas proceeding, failure to state a claim because § 1983 does not permit injunctive relief unless a judge violates a declaratory decree, and lack of subject matter jurisdiction because King's federal claims are barred by the *Rooker-Feldman* doctrine. (Doc. # 18, 21). Having reviewed the arguments of the parties, the Court concludes that it lacks personal jurisdiction over the nonresident defendants in this case, and must therefore dismiss the case.

When a federal court exercises its jurisdiction over federal questions, it possesses personal jurisdiction over a non-resident defendant if hailing him into court would not offend his due process rights, and if the defendant may be served with process as permitted by the forum state's long-arm statute. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Kentucky courts previously interpreted the state's long-arm statute, Ky. Rev. Stat. 454.210, to be co-extensive with the requirements of the federal due process clause. *Cf. Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002). However, the Kentucky Supreme Court recently overruled that line of cases, concluding that before a due process analysis is conducted, the plaintiff's claim must fall within one of the nine specifically-enumerated situations where the long-arm statute applies. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011).

King contends, in essence, that Judge Hulane George of the Superior Court in Georgia committed a constitutional tort when he failed to order King's production and appearance at the hearing on his state habeas claims. This claim could only conceivably

4

fall within the scope of KRS 545.210(2)(a)(3) or (4), but it fails to satisfy the requirements of either subsection. Subsection (3) for "[c]ausing tortious injury by an act or omission in this Commonwealth" does not apply because the act or omission complained of occurred in Georgia, not Kentucky. Subsection (4) for "[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth" does not apply because none of the defendants "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, ..." Because the defendants are not amenable to service of process under Kentucky's long-arm statute, the Court lacks personal jurisdiction over King's claims against them. *Cf. Haley v. City of Akron*, No. 5:13-CV-232, 2014 WL 804761, at *4-6 (N.D. Ohio Feb. 27, 2014) (collecting cases); *Richardson v. County of Wayne*, No. 08-14248, 2009 WL 2777647, at *4-5 (E.D. Mich. Aug. 27, 2009).[3]

Accordingly,

**IT IS ORDERED** as follows:

1. The Clerk of the Court shall modify the docket to reflect King's current mailing address at the United States Penitentiary - Atlanta, P.O. Box 150160, Atlanta, GA 30315. A copy of this Order and accompanying Judgment shall be mailed to Plaintiff at that address.

2. The motions to dismiss filed by the Judges of the Superior Court of Baldwin County, Georgia, the District Attorney's Office of Baldwin County, Georgia, and the Clerks Office of the Superior Court of Baldwin County, Georgia (Doc. # 18, 21) are **GRANTED**.

---

[3] Because the Court is dismissing the complaint for lack of personal jurisdiction, it need not address the other grounds for dismissal raised by the defendants.

3. King's complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.

4. The Court will enter a separate Judgment contemporaneously with this Order.

5. This matter is **STRICKEN** from the active docket of the Court.

This 2nd day of September, 2014.



G:\DATA\ORDERS\ProSe\King 12-242-DLB MOO.wpd